UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-473-RGJ-CHL

ANGELA KEENER                                                                    Plaintiff

v.

DOLLAR GENERAL CORPORATION                                          Defendant

* * * * *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant has moved for leave to file a third-party complaint [DE 19].  The matter is ripe.

[DE 20; DE 21].  For the reasons below, Defendant's Motion [DE 19] is **GRANTED**.

## I.       BACKGROUND

On August 25, 2019, Plaintiff "was injured when she fell on the premises of Dollar General

located at 9308 Blue Lick Road, Jefferson County, Kentucky 40229."  [DE 1-1 at 5].  Plaintiff

alleges that her "fall" and "resulting injuries and damages were caused and brought about by the

negligence and carelessness of the Defendants in creating and allowing the unreasonably

dangerous conditions to exist."  *Id.* at 6.  She alleges that "[a]s a direct and proximate result of

Defendants' negligence, and further as a substantial factor of same, the Plaintiff was caused to

suffer severe and permanent physical injuries and damages." *Id.*

Plaintiff filed this negligence suit against Defendant in Jefferson County Circuit Court.  *Id.*

Defendant removed the suit to this Court.  [DE 1].  Defendant now moves for leave to file a third-

party complaint against L Zeller, LLC, and Sharon Landrum Realty, Inc., the parties it alleges are

responsible under Defendant's lease agreement for maintaining the condition of the property,

including the ramp where Plaintiff allegedly fell.   [DE 19 at 58 ("Dollar General Partners is not

responsible for the maintenance and repair of the structure of the premises, including the floors.

1

As such, to the extent Plaintiff claims that her injuries were caused by the structure of the walkway ramp itself, any responsibility falls to the premise's owners, L Zeller LLC and Sharon Landrum Realty, Inc")].

## II.     STANDARD

A defendant may serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).  "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff." *Baker v. Moors*, 51 F.R.D. 507, 509 (W.D.Ky. 1971); *see Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir.2008)  ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit").

When, as here, a defendant seeks to file a third-party complaint more than fourteen days after filing its original answer, it must first request the court's permission.  Fed. R. Civ. P. 14(a)(1). The decision whether to grant leave to file a third-party complaint is within the discretion of the trial court.  *Gutierrez-Morales v. Planck*, 318 F.R.D. 332, 334 (E.D. Ky. 2016) (citing *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960).  The timeliness of such a motion is "an urgent factor governing the exercise of such discretion." *Gen. Elec.*, 274 at 178.  "Timely motions for leave to implead third parties should be freely granted unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Gutierrez-Morales* 318 F.R.D. at 334  (internal quotation marks, citation, and formatting omitted).

## III.   <u>DISCUSSION</u>

Defendant argues that impleader is proper because Third-Party Defendants are responsible for maintaining the condition of the property:

> The design and the flooring material used in the construction of the interior walkway ramp where Plaintiff allegedly fell is under the control of Third-Party Defendants, not Dollar General Partners.  Dollar General Partners has no authority or responsibility to alter the premises, including the subject interior walkway ramp. To the extent that Plaintiff is alleging that there is a structural defect in the interior walkway ramp or that the flooring material is dangerous, any and all responsibility is attributed to Third-Party Defendants.

[DE 19-1 at 63].

Plaintiff objects to impleader for three reasons.  First, Plaintiff argues that the proximate cause of her injuries was not a structural defect, but "Defendant Dollar General's failure to maintain the interior of the premises by not  keeping proper safety precautions in a reasonably safe condition including the adhesive tape on the ramp and lack of warning signs at or near the subject ramp."  [DE 20 at 84].  Second, Plaintiff argues that impleader is improper because "Defendant Dollar General has failed to meet its affirmative obligations as a Plaintiff [sic] pursuant to both *CertainTeed Corp. v Dexter*, 330 S.W.3d 54, Ky., (2010) and *Jewish v* [sic] *v. House*, 2017-SC-000440-DG."  *Id.* at 85.  And third, Plaintiff argues that Defendant is "attempting to seek an apportionment (by third party complaint) after the Plaintiff's statute of limitation has run as a last-ditch effort to avoid liability."  *Id.*

The Court will grant Defendant's Motion.  Defendant's Motion is timely as it was filed within the timeframe established by the Court's Scheduling Order.  [DE 14].  Plaintiff has not argued and the Court does not find that impleader would prejudice her, unduly complicate the trial, or foster an obviously unmeritorious claim.  *See Gutierrez-Morales*, 318 F.R.D. at 334.  Although Plaintiff argues that the proximate cause of her injuries was not a structural defect, Plaintiff's

expert concluded that the "'ramp's slope is excessively steep and does not comply with applicable building or accessibility code or Kentucky standards of safety making it unreasonably dangerous and unsafe.'" [DE 21 at 90]. Based on Plaintiff's expert's conclusion in his report, it appears as though Third-Party Defendants—who are responsible for maintaining in "good condition" the floors of the premises rented by Defendant—"may be liable" to Defendant for "all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). As a result, impleader is proper.

Plaintiff's remaining arguments are also unpersuasive. Plaintiff cites *CertainTeed Corp. v. Dexter*, 330 S.W.3d 64, 74 (Ky. 2010) and *Jewish Hosp. & St. Mary's Healthcare, Inc. v. House*, 563 S.W.3d 626, 631 (Ky. 2018) presumably to suggest that Defendant has failed to satisfy the standard for obtaining an apportionment instruction. But, as no proof has yet been presented to a jury in this case, it is premature and unnecessary for the Court to consider whether an apportionment instruction is merited.

Finally, as to Plaintiff's statute of limitations argument, she has cited no authority requiring a federal court to deny impleader if it is requested after the statute of limitations has run on the plaintiff's claim. Indeed, the weight of authority on this issue seems to be against her position. *See Elliott v. Illinois Cent. R.R. Co.*, No. 219CV02807TLPCGC, 2020 WL 4496518, at *4 (W.D. Tenn. Aug. 4, 2020) ("The running of the statute of limitations on any claim that plaintiff might have against a third-party defendant also should have no effect on defendant's right to implead") (quoting 6 Wright, Miller, & Kane, *Fed. Prac. & Proc. Civ.* § 1447 (3d ed. 2008)); *see also Parks v. United States*, 784 F.2d 20, 24 (1st Cir. 1986) ("It is well established that a defendant may, as third-party plaintiff, implead a party that the plaintiff could not sue directly, the claim against the third-party defendant inuring to the benefit of the third-party plaintiff and not to the original plaintiff"); *Shouey ex rel. Litz v. Duck Head Apparel Co.*, 49 F. Supp. 2d 413, 423 (M.D. Pa. 1999)

("[A] claim [for indemnity, contribution, or reimbursement] does not accrue for purposes of a statute of limitations until the third party plaintiff becomes obligated, either by judgment or by settlement, to pay the original plaintiff"); *E. Mississippi Elec. Power Ass'n v. Porcelain Prod. Co. (Inc.)*, 757 F. Supp. 748, 756 (S.D. Miss. 1990) (collecting cases for the proposition that "a cause of action for indemnity does not accrue until the loss or damage actually occurs, and that loss or damage does not occur until such time as the indemnitee's liability to the injured party has been determined").

## IV.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS AS FOLLOWS**:

1)  Defendant's Motion For Leave to File Third-Party Complaint [DE 19] is **GRANTED**.