UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANGELA KEENER                                                    Plaintiff

v.                                              Civil Action No. 3:20-cv-473-RGJ

DOLLAR GENERAL CORPORATION, *et*                                 Defendant
*al.*

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Angela Keener ("Keener"), moved to amend her complaint to add LZ Partners
LLC ("LZ Partners") as a defendant and direct claims against Sharon Landrum Realty, Inc.
("Landrum") and L Zeller LLC ("L Zeller"). [DE 37]. Keener also moved to remand this action
to state court. [DE 38]. L Zeller and Landrum responded to Keener's Motion to Amend and
Motion to Remand, [DE 42], and Dollar General Corporation ("Dollar General") responded to
Keener's Motion to Remand, [DE 41]. Keener filed a Reply to her Motion to Amend. [DE 46].
The matter is ripe. Having considered the parties' filings and applicable law, the Court **DENIES**
Keener's Motion to Amend [DE 37] and **DENIES** Keener's Motion to Remand [DE 38].

### I.   BACKGROUND

On August 25, 2019, Keener was injured from a fall inside a Dollar General Store in
Jefferson County Kentucky. [DE 37-1 at 226]. Approximately one month later, Dollar General
informed their landlords L Zeller and Landrum of Keener's accident. [DE 37-3 at 245]. On June
19, 2020, Keener filed suit in Kentucky state court, Jefferson County, against Dollar General and
related corporate entities, asserting negligence claims. [DE 37-2 at 231]. At that time, Keener
believed Dollar General was solely responsible for maintenance of the interior of the premises,

including the walkway ramp that caused Keener's fall.  [*Id.*].  On July 6, 2020, Dollar General removed to this Court based on diversity jurisdiction.  [DE 1].

On February 23, 2021, Dollar General moved to file a third-party complaint against L Zeller and Landrum, which it identified those parties as the "landlords"/"owners" of the premises where the fall occurred and asserted a claim for apportionment.  [DE 19].  Dollar General moved for leave to file its third-party complaint just one week before the March 1, 2021 deadline for amendments to pleadings and joinder of parties.  [DE 37-2 at 231].  Keener objected to Dollar General's motion for leave, noting that the proximate cause of her injuries was Dollar General's failure to maintain the interior of the premises.  [DE 20 at 84].  Keener also noted that her direct claims against L Zeller and Landrum may be barred by the statute of limitations because more than one year had passed since she was injured.  [*Id.* at 85].  On April 22, 2021, the Court granted Dollar General's motion for leave [DE 25], and Dollar General filed its third-party complaint the same day [DE 26].

Keener claims that discovery has since revealed that L Zeller and Landrum have been on notice of this claim since at least October 2019.  [DE 37-2 at 233].  In addition to Dollar General's notice letter, Sharon Landrum, as corporate designee of Landrum, testified that she received notice of Keener's accident.  [DE 37-5 at 286, Sharon Landrum Dep. Tr. 18:1–6].  Keener claims that discovery also revealed the identity of an unknown party, LZ Partners, which is she alleges is the owner of the Dollar General premises and the parent of Landrum and L Zeller.  [DE 37-2 at 232–33].  Keener has acknowledged that the statute of limitations has run on her claims.  [DE 20 at 85].  Keener argues that she should be able to add claims against L Zeller, Landrum, and LZ Partners outside the statute of limitations because claims against these parties were only recently discovered.  [DE 37-2 at 232–33].  Yet Landrum and L Zeller argue that because Keener knew

2

about these claims, they are barred by the statute of limitations or should be precluded due to Keener's lack of due diligence. [DE 42 at 403].

## II.   <u>KEENER'S MOTION TO AMEND</u>

Keener contends that her proposed claims against LZ Partners are timely under the Kentucky discovery rules. [*Id.* at 238]. Keener also argues that her proposed claims against L Zeller and Landrum relate back to her original complaint. [*Id.* at 241].

### A.   Standard of Review

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough*, 427 F.3d at 1001 (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint

will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64 (2007)). The moving party has the burden of proving that no claim exists. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

### B. Timeliness of Keener's Proposed Claims Against LZ Partners Pursuant to the Kentucky Discovery Rule.

Keener has acknowledged that without protection by the Kentucky discovery rule, the statute of limitations has run on her claims against LZ Partners. [DE 20 at 85]. Keener argues that her claims against LZ Partners are protected from the statute of limitations by Kentucky's discovery rule. [DE 37-2 at 238]. L Zeller and Landrum respond by arguing that Kentucky's discovery rule does not protect Keener's time-barred claims because there is no evidence of fraudulent concealment. [DE 42 at 399].

Kentucky has adopted a discovery rule, which provides that a plaintiff's cause of action does not "accrue" until she "discovers or in the exercise of reasonable diligence should have discovered" both (1) that she was injured and (2) that her injury "may have been caused by the defendant's conduct." *Louisville Tr. Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979). "However, the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. App. 1999).

For purposes of the discovery rule analysis, no party disputes whether Keener was injured. However, even assuming that Keener's injury may have been caused by LZ Partners' conduct,

Keener's claim against LZ Partners is still barred by the statute of limitations.  *See id.*  Keener cites *R.T. Vanderbilt Co. v. Franklin*, 290 S.W.3d 654, 659 (Ky. App. 2009) to establish the discovery rule's applicability to this case.  In *Franklin*, the plaintiff was diagnosed with mesothelioma caused by exposure to asbestos fibers.  *Id.* at 656–57.  The plaintiff sued dozens of entities that may have been responsible for the exposure, including Florida Tile.  *Id.* at 657–58.  Florida Tile denied the use of asbestos in its products based on a letter it received from R.T. Vanderbilt Company.  *Id.*  Franklin first learned of Vanderbilt's potential liability following an autopsy when a cellular biologist conducted a tissue digestion analysis and confirmed the presence of talc and asbestos.  *Id.*  The plaintiff moved to amend her complaint adding Vanderbilt as a party after the statute of limitations had run on her claims.  *Id.*  Vanderbilt objected, arguing the claim was barred by the statute of limitations.  *Id.*  The jury found that Vanderbilt had fraudulently concealed evidence of asbestos in its products and that the plaintiff had relied on the information.  *Id.* at 658.  The Kentucky Court of Appeals affirmed the jury decision, noting that the plaintiff had launched a massive effort to ascertain the identity of unknown tortfeasors and that Vanderbilt fraudulently misrepresented that its product contained no asbestos.  *Id.* at 658–60.

Although the Kentucky Court of Appeals applied the discovery rule in *Franklin*, the case is distinguishable.  Keener was injured in a slip and fall accident unlike a latent injury arising from exposure to harmful substances.  *Id.* at 656–57.  Unlike the *Franklin* plaintiff's massive discovery effort, Keener did not immediately ascertain who may have been responsible for the premises where she was injured.  *See, e.g.*, *Schultz v. Davis*, 495 F.3d 289 (6th Cir. 2007) (declining to apply the discovery rule because the plaintiff in a premises liability case can easily determine who owns the property by looking up the deed to the property in the county registrar's office).  More importantly, there is no evidence that any party sought to fraudulently conceal the identity of LZ

Partners from Keener. "[T]he discovery rule does not toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer absent fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." *Franklin*, 290 S.W.3d at 659 (citing *Combs v. Albert Kahn Associates, Inc.,* 183 S.W.3d 190, 199 (Ky. App. 2006). To constitute fraudulent concealment, the defendant's action must have prevented plaintiff from inquiring into the action, or eluded plaintiff's investigation, or otherwise mislead the plaintiff. *Hazel v. Gen. Motors Corp.*, 863 F.Supp. 436, 439 (W.D. Ky. 1994) (citing *Burke v. Blair*, 349 S.W.2d 836, 838 (Ky. 1961)). Because there is no evidence LZ Partners, or any other party, sought to fraudulently conceal their identity, Keener cannot rely on the discovery rule to toll the statute of limitations.

Keener also argues that her diligence conducting discovery presents a question of fact for a jury. [DE 37-2 at 238]. The Court would agree if the discovery rule was applicable. However, because there is no evidence of fraudulent concealment, Kentucky's discovery rule is inapplicable to Keener's claims against LZ Partners. *McLain*, 16 S.W.3d at 326. Even assuming Keener conducted a diligent discovery effort, the Kentucky discovery rule will not toll the statute of limitations absent fraudulent concealment. *See Combs,* 183 S.W.3d 199. Because the discovery rule is inapplicable to Keener's claims against LZ Partners, there is no question of fact for a jury to decide regarding Keener's due diligence or the statute of limitations. Keener's claim against LZ Partners is futile since it would not fall within the statute of limitations. *Rose*, 203 F.3d at 420. For these reasons, Keener's Motion to Amend [DE 37] related to her proposed claims against LZ Partners is **DENIED.**

**C. Relation Back Doctrine Applied to Keener's Claims Against L Zeller and Landrum.**

Keener's claims against L Zeller and Landrum do not relate back to the original complaint. Keener argues that her claims against L Zeller and Landrum satisfy the requirements to relate back to the original complaint for purpose of the statute of limitations. [DE 37-2 at 240]. L Zeller and Landrum contend that the Relation Back Doctrine does not apply because Keener is doing more than correcting a formal defect in her complaint. [DE 42 at 396]. Moreover, L Zeller and Landrum did not receive notice of the action. [*Id.* at 397].

In assessing whether an amended complaint relates back to the original complaint for statute of limitations purposes, a federal court in a diversity action applies state law. *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 405 (6th Cir. 1982). Kentucky Rule of Civil Procedure 15.03, which is substantially similar to Rule 15(c) of the Federal Rules of Civil Procedure, governs the determination of whether [L Zeller and Landrum] may now properly be added under the relation back doctrine, as interpreted by state law." *Crunk v. Dean Milk Co.*, No. 3:06CV-609-DW, 2008 WL 11358065, at *3 (W.D. Ky. Feb. 15, 2008); *see also Schwindel v. Meade Cnty*, 113 S.W.3d 159, 169 (Ky. 2003) ("[Kentucky Civil Rule] 15.03(1) and (2) are identical to Federal Rule of Civil Procedure 15(c) except with respect to internal enumeration."). Because the Kentucky Civil Rule and the Federal Rule are substantially similar, the Kentucky Supreme Court has adopted the United States Supreme Court's summary of the Relation Back Doctrine:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schwindel*, 113 S.W.3d 169–70 (quoting *Schiavone v. Fortune,* 477 U.S. 21, 29–30 (1986)). All four factors must be met for a proposed amendment to relate back to the original pleading. *See Crunk*, 2008 WL 11358065, at *3. The notice requirement "may be satisfied either by actual notice, or by imputed notice when the party to be added has a sufficiently close business relationship or identity of interest with the current defendant that bringing suit against the latter serves to put the former on notice of the litigation; and but for plaintiff's mistake, the party to be added would have been timely sued." *Id.* at *4 (citing *Halderman v. Sanderson Forklifts Co.*, 818 S.W.2d 270, 272–73 (Ky. App. 1991)).

First, Keener's claims against L Zeller and Landrum must have arisen from the conduct set forth in the original pleading. *Schwindel*, 113 S.W.3d 169–70. The basic claim against L Zeller and Landrum is negligence, the same claim originally asserted against Dollar General. [DE 1-1]. The general facts that served as the basis for the original complaint are the same as those relied on in the amended pleading. [DE 37-1]. There is no material distinction between the facts in the original complaint [DE 1-1] and the proposed amended complaint [DE 37-1] insofar as the underlying incident is concerned. Because those facts are the same, Keener's basic claim against L Zeller and Landrum arises out of the same conduct set forth in the original complaint. *See, e.g.*, *Crunk*, 2008 WL 11358065, at *4; *Clark*, 692 S.W.2d at 288. As a result, Keener has satisfied the first factor.

Because they are closely related, the Court will address the second and third factors together. L Zeller and Landrum must have received such notice that they will not be prejudiced in maintaining their defense, and they should have known that, but for a mistake of identity, Keener would have brought the action against them. *Schwindel*, 113 S.W.3d 169–70. L Zeller and Landrum have argued that they did not receive notice of the action. [DE 42 at 397]. However,

they need only receive "constructive" notice. *Krupski v. Costa Crociere S. P. A.*, 560 U.S. 538, 554 (2010). Kentucky courts have recognized that "notice to an intended defendant may be imputed from notice to a named defendant when the two share an 'ongoing business relationship.'" *Halderman*, 818 S.W.2d at 272 (citing *Funk v. Wagner Mach.,* 710 S.W.2d 860, 862 (Ky. App. 1986)). Yet an injured plaintiff that is fully aware of the existence of a potential defendant, but mistakenly concludes that the potential defendant is not legally liable for the plaintiff's injuries may not avail itself of the Relation Back Doctrine. *See Phelps v. Wehr Const., Inc.*, 168 S.W.3d 395 (Ky. App. 2004).

The Kentucky Court of Appeals has held that relation back may be proper when there is a lease agreement between an original defendant and an added defendant. *Clark*, 692 S.W.2d at 288. In *Clark*, Mercer leased a truck, equipment, and driver from Clark to transport water pipes. *Id*. at 286. Under the lease agreement, Mercer assumed certain responsibilities, including directing the hauling, loading, and unloading of the pipes. *Id*. While loading the pipes, Clark's driver altered the method of loading pipes, which injured Young. *Id.* at 287. Having no indication of Clark's involvement, Young initially sued only Mercer for negligence. *Id.* After discovering the lease agreement, Young amended his complaint to add Clark and Clark's driver as defendants. *Id.* The Court of Appeals held that Young's amended complaint related back to his original complaint, making his claims against Clark and Clark's driver timely. *Id*. at 288–89. It also noted that Young had no way to know Clark may be responsible prior to discovering the lease, which occurred after the statute of limitations had ran. *Id*. at 288.

In some ways, the facts here are similar to *Clark*. Here, there is a lease agreement between Dollar General and L Zeller/Landrum that could create a community of interest. *Id.* at 288. Also, there is no evidence that Keener would have immediately noticed that L Zeller or Landrum owned

the premises.  Keener did learn of L Zeller and Landrum's existence as landlords within the statute of limitations.  [DE 42 at 392].  Keener also admits that she was aware of L Zeller and Landrum's existence within the statute of limitations but chose not to pursue legal action against them.  [DE 46 at 449].  While it is unlikely that L Zeller and Landrum would be prejudiced, Keener cannot satisfy the "mistake" element of the third factor.  *See Phelps*, 168 S.W.3d at 398 ("Nothing in the Rule or in the [Advisory Committee] Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged.").  For the purposes of the Relation Back Doctrine, the Kentucky Court of Appeals has held that "mistake" is synonymous with "misnomer" or "misidentification."  *Id.*  This is not a case in which Keener made a mistake about the identity of a party.  Therefore, this action more closely aligns with *Phelps* than *Clark*.  Keener has failed to satisfy the third factor of the Relation Back Doctrine because she was aware of L Zeller and Landrum within the statute of limitations.  *Phelps*, 168 S.W.3d at 398.  Because Keener has failed to satisfy all four factors, the Relation Back Doctrine will not apply.  *See Crunk*, 2008 WL 11358065, at *3.  Keener's proposed claims against L Zeller and Landrum are futile since they would not fall within the statute of limitations.  *Rose*, 203 F.3d at 420.  As a result, Keener's Motion to Amend related to proposed claims against L Zeller and Landrum is **DENIED.**

### III.   <u>KEENER'S MOTION TO REMAND</u>

Keener argues that if the Court grants her Motion to Amend [DE 37], then the Court must Grant her Motion to Remand [DE 38].  Dollar General contends that Keener's Motion to Remand should be denied because it is premature.  [DE 41].  Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Diversity jurisdiction gives "[t]he district courts . . . original

jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

As noted above, the Court will deny Keener's Motion to Amend.  Therefore, the Court will maintain diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Because the Court will maintain diversity jurisdiction, it will not address arguments in Dollar General's Response and Keener's Motion to Remand [DE 38] is **DENIED.**

## IV.   <u>CONCLUSION</u>

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1.   Keener's Motion to Amend [DE 37] is **DENIED**;

2.   Keener's Motion to Remand [DE 38] is **DENIED**.

Rebecca Grady Jennings, District Judge

United States District Court

April 18, 2022

Cc: Counsel of Record

11